JJD:MEM/APW
F. #2022R00057/OCDETF #NYNYE0923

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  NOV 2 1 2025  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DWAYNE MURRAY,
    also known as "Wayno,"
SHEIM TEVIN RAMSEY-DAVIS,
    also known as "KG,"
KENDRICK SEYMORE,
    also known as "KR," and
LAVALLE WILSON,
    also known as "Val," "Skip,"
    "Flip" and "Wes,"

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 22-401 (S-3) (JMA)
(T. 18, U.S.C., §§ 922(a)(1)(A),
922(g)(1), 922(k), 924(a)(1)(B),
924(a)(1)(D), 924(a)(2), 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(j)(1), 1512(a)(1)(C), 1512(a)(3)(A),
1951(a), 1959(a)(3), 1959(a)(5),
1959(a)(6), 1962(c), 1962(d), 1963, 2
and 3551 et seq.; T. 21, U.S.C., §§
841(a)(1), 841(b)(1)(A)(i),
841(b)(1)(A)(vi), 841(b)(1)(B)(ii)(II),
841(b)(1)(C) and 846)

THE GRAND JURY CHARGES:

INTRODUCTION

    At all times relevant to this Superseding Indictment, unless otherwise indicated:

The Enterprise

    1.    The Bloods (hereinafter the "Bloods" or the "Enterprise") was a violent street gang with members and associates located throughout Long Island, New York, and elsewhere.  The defendants DWAYNE MURRAY, also known as "Wayno," SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," KENDRICK SEYMORE, also known as "KR," and LAVALLE WILSON, also known as "Val," "Skip," "Flip" and "Wes," were members of the Bloods.  Members and associates of the Bloods have engaged in acts of violence, including acts involving murder, robbery and assault, as well as other criminal activity, including drug

trafficking and fraud. Participation by a member or an associate in criminal activity, especially violence directed at rival gangs or anyone who disrespected the Bloods, increased the respect accorded to that member or associate and could result in gaining entrance to the Bloods or a promotion to a leadership position. Members and associates of the Bloods purchased, maintained and circulated a collection of firearms for use in criminal activity.

2.      The Bloods, including its leadership, membership and associates, constituted an "Enterprise" as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. The Bloods was an organized criminal group that operated in the Eastern District of New York and elsewhere.

3.      The Bloods routinely held meetings to, among other things, plan criminal activity. At meetings, members paid dues into a treasury. The treasury funds were used, among other things, to purchase firearms and ammunition and to assist members who had been arrested. Members of the Bloods sometimes signified their membership and allegiance to the gang by wearing the color red, displaying special hand signals and wearing tattoos.

<u>Purposes of the Enterprise</u>

4.      The purposes of the Enterprise included the following:

(a)      Promoting and enhancing the prestige, reputation and position of the Enterprise with respect to rival criminal organizations;

2

(b)     Preserving and protecting the power, territory and criminal ventures of the Enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder;

(c)     Keeping victims and rivals in fear of the Enterprise and its members and associates;

(d)     Enriching the members and associates of the Enterprise through criminal activity, including robbery, drug trafficking and fraud; and

(e)     Ensuring discipline within the Enterprise and compliance with the Enterprise's rules by members and associates through threats of violence and acts of violence.

### Means and Methods of the Enterprise

5.     Among the means and methods by which members of the Bloods and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

(a)     Members of the Enterprise and their associates committed, attempted to commit, conspired to commit and threatened to commit acts of violence, including acts involving murder, robbery and assault, to enhance the Enterprise's prestige and protect and expand the Enterprise's criminal operations;

(b)     Members of the Enterprise and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and Enterprise members who violated the Enterprise's rules; and

(c)     Members of the Enterprise and their associates used, attempted to use and conspired to use robbery, drug trafficking and fraud as means of obtaining money.

3

COUNT ONE
(Racketeering)

6.      The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.      In or about and between June 2014 and March 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, also known as "Wayno," SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," KENDRICK SEYMORE, also known as "KR," and LAVALLE WILSON, also known as "Val," "Skip," "Flip" and "Wes," together with others, each being a person employed by and associated with the Bloods, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the Bloods through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), which pattern of racketeering consisted of the racketeering acts set forth below.

RACKETEERING ACT ONE
(Conspiracy to Distribute Controlled Substances)

8.      In or about and between June 2014 and March 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, SHEIM TEVIN RAMSEY-DAVIS, KENDRICK SEYMORE and LAVALLE WILSON, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing heroin, a Schedule I controlled substance; (b) a substance containing 3, 4- methylenedioxymethamphetamine ("MDMA" or "ecstasy"), a Schedule I controlled substance; (c) a substance containing cocaine, a Schedule II controlled

4

substance; (d) a substance containing cocaine base, a Schedule II controlled substance; (e) a substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance; (f) a substance containing oxycodone, a Schedule II controlled substance; and (g) a substance containing alprazolam, a Schedule IV controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 846. The amount of heroin, fentanyl and cocaine involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was (a) one kilogram or more of a substance containing heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i), (b) 400 grams or more of a substance containing fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi), and (c) 500 grams or more of a substance containing cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

RACKETEERING ACT TWO
(Attempted Robbery of John Doe #1 and John Doe # 2 and Attempted Murder of John Doe #2)

      9.    The defendant DWAYNE MURRAY, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Two:

    A.    Attempted Robbery

      10.    On or about September 26, 2016, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURRAY, together with others, did knowingly and intentionally attempt to forcibly steal property from John Doe #1 and John Doe #2, individuals whose identities are known to the Grand Jury, in violation of New York Penal Law Sections 160.05, 110.00 and 20.00.

5

B.    Attempted Hobbs Act Robbery

11.    On or about September 26, 2016, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURRAY, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the attempted robbery of marijuana from John Doe #2, an individual who distributed narcotics in Suffolk County, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

C.    Attempted Murder

12.    On or about September 26, 2016, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURRAY, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT THREE
(Conspiracy to Commit Access Device Fraud)

13.    In or about and between April 2020 and June 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, SHEIM TEVIN RAMSEY-DAVIS and LAVALLE WILSON, together with others, did knowingly and with intent to defraud, conspire to effect transactions with one or more access devices issued to one or more other person, to receive payment and one or more things of value during one or more one-year periods, the aggregate value of which was equal to or greater than $1,000, in a matter affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 1029(a)(5), in violation of Title 18, United States Code, Section 1029(b)(2).

6

### RACKETEERING ACT FOUR
(Attempted Murder of John Doe #3, John Doe #4 and John Doe #5)

14.    On or about May 17, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally attempt to cause the death of one or more other persons, to wit: John Doe #3, John Doe #4 and John Doe #5, individuals whose identities are known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT FIVE
(Conspiracy to Murder and Attempted Murder of Jane Doe #1 and John Doe #6)

15.    The defendants DWAYNE MURRAY and SHEIM TEVIN RAMSEY-DAVIS, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Five:

A.    Conspiracy to Commit Murder

16.    On or about May 28, 2020, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY and SHEIM TEVIN RAMSEY-DAVIS, together with others, did knowingly and intentionally conspire to cause the death of Jane Doe #1 and John Doe #6, individuals whose identities are known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Attempted Murder

17.    On or about May 28, 2020, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY and SHEIM TEVIN RAMSEY-DAVIS, together with others, did knowingly and intentionally attempt to cause the death of one or more other persons, to wit: Jane Doe #1 and John Doe #6, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

7

RACKETEERING ACT SIX
(Conspiracy to Distribute Cocaine, Robbery and Murder of Wayne Cherry)

18.    The defendant DWAYNE MURRAY, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Six.

A.    Conspiracy to Distribute and Possess with Intent to Distribute Cocaine

19.    In or about and between March 2020 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURRAY, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1), in violation of 846 and 841(b)(1)(B)(ii)(II). The amount of cocaine involved in the conspiracy attributable to MURRAY as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 500 grams or more of a substance containing cocaine.

B.    Robbery

20.    In or about June 2020, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURRAY, together with others, did knowingly and intentionally forcibly steal property from Wayne Cherry, in violation of New York Penal Law Sections 160.05 and 20.00.

C.    Hobbs Act Robbery

21.    In or about June 2020, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURRAY, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and

8

commodities in commerce, by robbery, to wit: the robbery of United States currency from

Wayne Cherry, an individual who distributed narcotics in Suffolk County, New York, in

violation of Title 18, United States Code, Sections 1951(a) and 2.

      D.    Murder

      22.    On or about June 12, 2020, within the Eastern District of New York and

elsewhere, the defendant DWAYNE MURRAY, together with others, with intent to cause the

death of another person, to wit: Wayne Cherry, did knowingly and intentionally cause his death,

in violation of New York Penal Law Sections 125.25(1) and 20.00.

      E.    Felony Murder

      23.    On or about June 12, 2020, within the Eastern District of New York and

elsewhere, the defendant DWAYNE MURRAY, together with others, did knowingly and

intentionally commit the robbery of Wayne Cherry, and, in the course of and in furtherance of

such crime and of immediate flight therefrom, MURRAY and others caused the death of a

person other than one of the participants, to wit: Wayne Cherry, in violation of New York Penal

Law Sections 125.25(3) and 20.00.

RACKETEERING ACT SEVEN
(Robbery and Hobbs Act Robbery of John Doe #7)

      24.    The defendants DWAYNE MURRAY, SHEIM TEVIN RAMSEY-

DAVIS and KENDRICK SEYMORE, together with others, committed the following acts, any

one of which alone constitutes Racketeering Act Seven:

      A.    Robbery

      25.    In or about and between May 2020 and July 2020, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

9

defendants DWAYNE MURRAY, SHEIM TEVIN RAMSEY-DAVIS and KENDRICK SEYMORE, together with others, did knowingly and intentionally forcibly steal property from John Doe #7, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 160.05 and 20.00.

      B.    Hobbs Act Robbery Conspiracy

       26.    In or about and between May 2020 and July 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, SHEIM TEVIN RAMSEY-DAVIS and KENDRICK SEYMORE, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of controlled substances, a firearm and jewelry from John Doe #7, an individual who distributed narcotics in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of injury to such person and to others present, in violation of Title 18, United States Code, Sections 1951(a).

      C.    Hobbs Act Robbery

       27.    In or about and between May 2020 and July 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, SHEIM TEVIN RAMSEY-DAVIS and KENDRICK SEYMORE, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of controlled substances, a firearm and jewelry from John Doe #7, an individual who distributed narcotics in Suffolk County, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

10

RACKETEERING ACT EIGHT
(Attempted Murder of John Doe #8, John Doe #9 and John Doe #10)

28.    On or about July 14, 2020, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURRAY, together with others, did knowingly and intentionally attempt to cause the death of one or more other persons, to wit: John Doe #8, John Doe #9 and John Doe #10, individuals whose identities are known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT NINE
(Robbery and Hobbs Act Robbery of John Doe #11)

29.    The defendant KENDRICK SEYMORE, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Nine:

A.    Robbery

30.    On or about October 23, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally forcibly steal property from John Doe #11, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 160.05 and 20.00.

B.    Hobbs Act Robbery Conspiracy

31.    On or about October 23, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency and controlled substances from John Doe #11, an individual who distributed narcotics in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of

11

injury to such person and to others present, in violation of Title 18, United States Code, Sections 1951(a).

      C.     Hobbs Act Robbery

      32.     On or about October 23, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency and controlled substances from John Doe #11, an individual who distributed narcotics in Suffolk County, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

RACKETEERING ACT TEN
(Attempted Murder of John Doe #12)

      33.     On or about November 21, 2020, within the Eastern District of New York and elsewhere, the defendant LAVALLE WILSON, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #12, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT ELEVEN
(Robbery and Hobbs Act Robbery of John Doe #13)

      34.     The defendant KENDRICK SEYMORE, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Eleven:

      A.     Robbery

      35.     On or about December 11, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and

12

intentionally forcibly steal property from John Doe #13, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 160.05 and 20.00.

      B.      Hobbs Act Robbery Conspiracy

      36.     On or about  December 11, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from John Doe #13, an individual who distributed narcotics in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of injury to such person and to others present, in violation of Title 18, United States Code, Sections 1951(a).

      C.      Hobbs Act Robbery

      37.     On or about December 11, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from John Doe #13, an individual who distributed narcotics in Suffolk County, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

RACKETEERING ACT TWELVE
(Robbery and Hobbs Act Robbery of John Doe #14)

      38.     The defendant KENDRICK SEYMORE, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Twelve:

13

A.    Robbery

39.    On or about March 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally forcibly steal property from John Doe #14, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 160.05 and 20.00.

B.    Hobbs Act Robbery Conspiracy

40.    On or about  March 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from John Doe #14, a livery cab driver operating in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of injury to such person and to others present, in violation of Title 18, United States Code, Section 1951(a).

C.    Hobbs Act Robbery

41.    On or about March 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from John Doe #14, a livery cab driver operating in Suffolk County, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

14

### RACKETEERING ACT THIRTEEN
(Attempted Murder of John Doe #15)

42.     On or about July 8, 2021, within the Eastern District of New York and elsewhere, the defendant SHEIM TEVIN RAMSEY-DAVIS, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #15, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT FOURTEEN
(Robbery and Murder of Richard Castano)

43.     The defendant KENDRICK SEYMORE, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Fourteen:

A.      Robbery

44.     On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally forcibly steal property from Richard Castano, in violation of New York Penal Law Sections 160.05 and 20.00.

B.      Hobbs Act Robbery Conspiracy

45.     In or about July, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a safe, passports and currency from Richard Castano, an individual who distributed narcotics in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of injury to such person and to others present, in violation of Title 18, United States Code, Sections 1951(a).

15

C.    Hobbs Act Robbery

46.    On or about  July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a safe, passports and currency from Richard Castano, an individual who distributed narcotics in Suffolk County, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

D.    Murder

47.    On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, with intent to cause the death of another person, to wit: Richard Castano, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

E.    Felony Murder

48.    On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally commit the robbery of Richard Castano, and, in the course of and in furtherance of such crime and of immediate flight therefrom, SEYMORE and others caused the death of a person other than one of the participants, to wit: Richard Castano, in violation of New York Penal Law Sections 125.25(3) and 20.00.

RACKETEERING ACT FIFTEEN
(Murder of Nyasia Knox)

49.    The defendant KENDRICK SEYMORE, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Fifteen:

16

A. Witness Tampering

50.    On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally kill Nyasia Knox, with the intent to prevent the communication of Nyasia Knox to a law enforcement officer of information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and 1512(a)(3)(A).

B. Murder

51.    On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, with intent to cause the death of another person, to wit: Nyasia Knox, did knowingly and intentionally cause her death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

C.    Felony Murder

52.    On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally commit the robbery of Richard Castano, and, in the course of and in furtherance of such crime and of immediate flight therefrom, SEYMORE and others caused the death of a person other than one of the participants, to wit: Nyasia Knox, in violation of New York Penal Law Sections 125.25(3) and 20.00.

RACKETEERING ACT SIXTEEN
(Murder of Diamond Schick)

53.    The defendant KENDRICK SEYMORE, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Sixteen:

17

A.    Witness Tampering

54.    On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally kill Diamond Schick, with the intent to prevent the communication of Diamond Schick to a law enforcement officer of information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and 1512(a)(3)(A).

B.    Murder

55.    On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, with intent to cause the death of another person, to wit: Diamond Schick, did knowingly and intentionally cause her death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

C.    Felony Murder

56.    On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally commit the robbery of Richard Castano, and, in the course of and in furtherance of such crime and of immediate flight therefrom, SEYMORE and others caused the death of a person other than one of the participants, to wit: Diamond Schick, in violation of New York Penal Law Sections 125.25(3) and 20.00.

RACKETEERING ACT SEVENTEEN
(Robbery and Attempted Robbery of John Doe #16)

57.    The defendant SHEIM TEVIN RAMSEY-DAVIS, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Seventeen:

18

A.      Conspiracy to Commit Robbery

58.     On or about August 7, 2021, within the Eastern District of New York and elsewhere, the defendant SHEIM TEVIN RAMSEY-DAVIS, together with others, did knowingly and intentionally conspire to forcibly steal property from John Doe #16, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 160.10 and 105.10.

B.      Attempted Robbery

59.     On or about August 7, 2021, within the Eastern District of New York and elsewhere, the defendant SHEIM TEVIN RAMSEY-DAVIS, together with others, did knowingly and intentionally attempt to forcibly steal property from John Doe #16, in violation of New York Penal Law Sections 160.10, 110.00 and 105.10.

RACKETEERING ACT EIGHTEEN
(Robbery and Hobbs Act Robbery of Jane Doe #2 and John Doe #17)

60.     The defendant KENDRICK SEYMORE, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Eighteen:

A.      Robbery

61.     On or about September 25, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally forcibly steal property from Jane Doe #2 and John Doe #17, individuals whose identities are known to the Grand Jury, in violation of New York Penal Law Sections 160.10 and 20.00.

B.      Hobbs Act Robbery Conspiracy

62.     On or about September 25, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency and controlled substances from John Doe #17, an individual who distributed narcotics in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of injury to such person and to others present, in violation of Title 18, United States Code, Section 1951(a).

C.      Hobbs Act Robbery

63.     On or about September 25, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of property from Jane Doe #2 and John Doe #17, an individual who distributed narcotics in Suffolk County, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

RACKETEERING ACT NINETEEN
(Attempted Robbery and Attempted Hobbs Act Robbery of Jane Doe #3)

64.     The defendant KENDRICK SEYMORE, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Nineteen:

A.      Attempted Robbery

65.     On or about October 1, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and

20

intentionally attempt to forcibly steal property from Jane Doe #3, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 160.05, 110.00 and 20.00.

      B.     Hobbs Act Robbery Conspiracy

        66.     On or about October 1, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of the robbery of United States currency and controlled substances from Jane Doe #3, an individual who distributed narcotics in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of injury to such person and to others present, in violation of Title 18, United States Code, Section 1951(a).

      C.     Attempted Hobbs Act Robbery

        67.     On or about October 1, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the attempted robbery of the robbery of United States currency and controlled substances from Jane Doe #3, an individual who distributed narcotics in Suffolk County, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

### RACKETEERING ACT TWENTY
(Conspiracy to Commit Robbery)

68.     On or about October 17, 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SHEIM TEVIN RAMSEY-DAVIS, together with others, did knowingly and intentionally conspire to forcibly steal property from John Doe #18, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 160.10 and 105.10.

### RACKETEERING ACT TWENTY-ONE
(Conspiracy to Murder Rival Gang Members)

69.     In about and between May 2020 and March 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, SHEIM TEVIN RAMSEY-DAVIS, KENDRICK SEYMORE and LAVALLE WILSON, together with others, did knowingly and intentionally conspire to cause the death of members and associates of the Mac Ballers, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

### COUNT TWO
(Racketeering Conspiracy)

70.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

71.     In or about and between June 2016 and March 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, also known as "Wayno," SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," KENDRICK SEYMORE, also known as "KR," and LAVALLE WILSON,

22

also known as "Val," "Skip," "Flip" and "Wes," together with others, each being a person

employed by and associated with the Bloods, an enterprise that engaged in, and the activities of

which affected, interstate and foreign commerce, did knowingly and intentionally conspire to

violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly

and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering

activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

72.    The pattern of racketeering activity through which the defendants

DWAYNE MURRAY, SHEIM TEVIN RAMSEY-DAVIS, KENDRICK SEYMORE and

LAVALLE WILSON, together with others, agreed to conduct and participate directly and

indirectly in the conduct of the affairs of the Enterprise consisted of the racketeering acts set

forth in paragraphs eight through 69 of Count One of this Indictment, as Racketeering Acts One

through Twenty-One, which are realleged and incorporated as if fully set forth in this paragraph.

It was part of the conspiracy that each defendant agreed that a conspirator would commit at least

two acts of racketeering in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Conspiracy to Distribute Controlled Substances)

73.    In or about and between June 2016 and March 2023, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants DWAYNE MURRAY, also known as "Wayno," SHEIM TEVIN RAMSEY-DAVIS,

also known as "KG,"  KENDRICK SEYMORE, also known as "KR," and LAVALLE

WILSON, also known as "Val," "Skip," "Flip" and "Wes," together with others, did knowingly

and intentionally conspire to distribute and possess with intent to distribute one or more

23

controlled substances, which offense involved: (a) a substance containing heroin, a Schedule I

controlled substance; (b) a substance containing MDMA or ecstasy, a Schedule I controlled

substance; (c) a substance containing cocaine, a Schedule II controlled substance; (d) a substance

containing cocaine base, a Schedule II controlled substance; (e) a substance containing fentanyl,

a Schedule II controlled substance; (f) a substance containing oxycodone, a Schedule II

controlled substance; and (g) a substance containing alprazolam, a Schedule IV controlled

substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of heroin,

fentanyl and cocaine involved in the conspiracy attributable to the defendants as a result of their

own conduct, and the conduct of other conspirators reasonably foreseeable to them, was (a) one

kilogram or more of a substance containing heroin, in violation of Title 21, United States Code,

Section 841(b)(1)(A)(i), (b) 400 grams or more of a substance containing fentanyl, in violation of

Title 21, United States Code, Section 841(b)(1)(A)(vi), and (c) 500 grams or more of a substance

containing cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(vi),

841(b)(1)(B)(ii)(II) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

### COUNT FOUR
(Use of Firearms during a Drug Trafficking Crime)

74.     In or about and between June 2016 and March 2023, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants DWAYNE MURRAY, also known as "Wayno," SHEIM TEVIN RAMSEY-DAVIS,

also known as "KG," KENDRICK SEYMORE, also known as "KR," and LAVALLE WILSON,

also known as "Val," "Skip," "Flip" and "Wes," together with others, did knowingly and

intentionally use and carry one or more firearms during and in relation to a drug trafficking

24

crime, to wit: the crime charged in Count Three, and did knowingly and intentionally possess

said firearms in furtherance of such drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT FIVE
(Attempted Murder of John Doe #3, John Doe #4 and John Doe #5 in Aid of Racketeering)

75.     At all times relevant to this Superseding Indictment, the Bloods, as more

fully described in paragraphs one through five, which are realleged and incorporated as if fully

set forth in this paragraph, including its leadership, membership and associates, constituted an

"enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of

individuals associated in fact that was engaged in, and the activities of which affected, interstate

and foreign commerce.  The Enterprise constituted an ongoing organization whose members

functioned as a continuing unit for a common purpose of achieving the objectives of the

Enterprise.

76.     At all times relevant to this Superseding Indictment, the Bloods, through

its members and associates, engaged in racketeering activity, as defined in Title 18, United States

Code, Sections 1959(b)(1) and 1961(1), that is, (a) acts and threats involving murder and

robbery, that were chargeable under New York Penal Law and punishable by imprisonment of

more than one year; (b) acts indictable under Title 18, United States Code, Section 1029 (relating

to fraud and related activity in connection with access devices) and Title 18, United States Code,

Section 1951 (relating to interference with commerce, robbery, or extortion); and (c) offenses

involving trafficking of controlled substances, punishable under Title 21, United States Code,

Sections 841 and 846.

77.     On or about May 17, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #3, John Doe #4 and John Doe #5, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

### COUNT SIX
(Discharging Firearms During a Crime of Violence:
Attempted Murder of John Doe #3, John Doe #4 and John Doe #5 in Aid of Racketeering)

78.     On or about May 17, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Five, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence, which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT SEVEN
(Conspiracy to Murder Jane Doe #1 and John Doe #6 in Aid of Racketeering)

79.     The allegations contained in paragraphs one through five and paragraphs 71 through 72 are realleged and incorporated as if fully set forth in this paragraph.

80.     On or about May 28, 2020, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, also known as "Wayno," and SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," together with others, for the purpose of maintaining

and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Jane Doe #1, and John Doe #6, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT EIGHT
(Attempted Murder of Jane Doe #1 and John Doe #6 in Aid of Racketeering)

81.    The allegations contained in paragraphs one through five and paragraphs 71 through 72 are realleged and incorporated as if fully set forth in this paragraph.

82.    On or about May 28, 2020, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, also known as "Wayno," and SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder Jane Doe #1 and John Doe #6, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT NINE
(Discharging Firearms During a Crime of Violence:
Attempted Murder of Jane Doe #1 and John Doe #6 in Aid of Racketeering)

83.    On or about May 28, 2020, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, also known as "Wayno," and SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime

charged in Count Eight, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence, which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TEN
### (Hobbs Act Robbery Conspiracy)

84.     In or about and between May 2020 and July 2020, within the Eastern District of New York and elsewhere, both dates being approximate and inclusive, the defendants DWAYNE MURRAY, also known as "Wayno," SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," and KENDRICK SEYMORE, also known as "KR,"  together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of controlled substances, a firearm and jewelry from John Doe #7, an individual who distributed narcotics in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of injury to such person, in violation of Title 18, United States Code, Section 1951(a).

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT ELEVEN
### (Hobbs Act Robbery)

85.     In or about and between May 2020 and July 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, also known as "Wayno," SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," and KENDRICK SEYMORE, also known as "KR,"  together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of controlled substances,

28

a firearm and jewelry from John Doe #7, an individual who distributed narcotics in Suffolk

County, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

### COUNT TWELVE
(Brandishing a Firearm During a Crime of Violence)

86.     In about and between May 2020 and July 2020, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants DWAYNE MURRAY, also known as "Wayno," SHEIM TEVIN RAMSEY-DAVIS,

also known as "KG," and KENDRICK SEYMORE, also known as "KR," together with others,

did knowingly and intentionally use and carry a firearm during and in relation to a crime of

violence, to wit: the crime charged in Count Eleven, and did knowingly and intentionally possess

such firearm in furtherance of said crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and

3551 et seq.)

### COUNT THIRTEEN
(Conspiracy to Distribute and
Possess with Intent to Distribute Cocaine)

87.     In or about and between March 2020 and June 2020, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

DWAYNE MURRAY, also known as "Wayno," together with others, did knowingly and

intentionally conspire to distribute and possess with intent to distribute a controlled substance,

which offense involved a substance containing cocaine, a Schedule II controlled substance,

contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine involved in

the conspiracy attributable to MURRAY as a result of his own conduct, and the conduct of other

conspirators reasonably foreseeable to him, was 500 grams or more of a substance containing cocaine.

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FOURTEEN
(Hobbs Act Robbery)

88.     In or about June 2020, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURRAY, also known as "Wayno," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from Wayne Cherry, an individual who distributed narcotics in Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Discharging a Firearm During a Drug Trafficking Crime or Crime of Violence)

89.     On or about June 12, 2020, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURRAY, also known as "Wayno," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a drug trafficking crime, to wit: the crime charge in Count Thirteen, and a crime of violence, to wit: the crime charged in Count Fourteen, and did knowingly and intentionally possess said firearm in furtherance of such crimes, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT SIXTEEN
(Firearm-Related Murder of Wayne Cherry)

90.     On or about June 12, 2020, within the Eastern District of New York and

elsewhere, the defendant DWAYNE MURRAY, also known as "Wayno," together with others,

in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime

charged in Count Fifteen, did knowingly and intentionally cause the death of a person through

the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section

1111, in that the defendant, with malice aforethought, did unlawfully kill Wayne Cherry.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

COUNT SEVENTEEN
(Attempted Murder of John Doe #8, John Doe #9 and John Doe #10 in Aid of Racketeering)

91.     The allegations contained in paragraphs one through five and paragraphs

71 through 72 are realleged and incorporated as if fully set forth in this paragraph.

92.     On or about July 14, 2020, within the Eastern District of New York and

elsewhere, the defendant DWAYNE MURRAY, also known as "Wayno," together with others,

for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in

racketeering activity, did knowingly and intentionally attempt to murder John Doe #8, John Doe

#9 and John Doe #10, in violation of New York Penal Law Sections 125.25(1), 110.00 and

20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT EIGHTEEN
(Discharging a Firearm During a Crime of Violence:
Attempted Murder of John Doe #8, John Doe #9 and John Doe #10 in Aid of Racketeering)

93.     On or about July 14, 2020, within the Eastern District of New York and

elsewhere, the defendant DWAYNE MURRAY, also known as "Wayno," together with others,

31

did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Seventeen, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT NINETEEN
(Felon in Possession of a Firearm)

94.    On or about July 14, 2020, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURRAY, also known as "Wayno," knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Mossberg 12 gauge shotgun and ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

### COUNT TWENTY
(Possession of a Firearm with an Obliterated Serial Number)

95.    On or about July 14, 2020, within the Eastern District of New York and elsewhere, the defendant DWAYNE MURAY, also known as "Wayno," did knowingly and intentionally possess a firearm, to wit: a Mossberg 12 gauge shotgun, knowing that such firearm had the manufacture's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B) and 3551 et seq.)

## COUNT TWENTY-ONE
(Hobbs Act Robbery Conspiracy)

96.    On or about October 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency, controlled substances and a car from John Doe #11, an individual who distributed narcotics in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of injury to such person, in violation of Title 18, United States Code, Section 1951(a).

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWENTY-TWO
(Hobbs Act Robbery)

97.    On or about October 23, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency, controlled substances and a car from John Doe #11, an individual who distributed narcotics in Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT TWENTY-THREE
(Brandishing a Firearm During a Crime of Violence)

98.    On or about October 23, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with

33

others, did knowingly and intentionally use and carry a firearm during and in relation to a crime

of violence, to wit: the crime charged in Count Twenty-Two, and did knowingly and

intentionally possess such firearm in furtherance of said crime of violence, which firearm was

brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and

3551 et seq.)

### COUNT TWENTY-FOUR
(Attempted Murder of John Doe #12 in Aid of Racketeering)

99.    The allegations contained in paragraphs one through five and paragraphs

71 through 72 are realleged and incorporated as if fully set forth in this paragraph.

100.    On or about November 21, 2020, within the Eastern District of New York

and elsewhere, the defendant LAVALLE WILSON, also known as "Val," "Skip," "Flip" and

"Wes," together with others, for the purpose of maintaining and increasing position in the

Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt

to murder John Doe #12, in violation of New York Penal Law Sections 125.25(1), 110.00 and

20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

### COUNT TWENTY-FIVE
(Assault of John Doe #12 with a Dangerous Weapon in Aid of Racketeering)

101.    The allegations contained in paragraphs one through five and paragraphs

71 through 72 are realleged and incorporated as if fully set forth in this paragraph.

102.    On or about November 21, 2020, within the Eastern District of New York

and elsewhere, the defendant LAVALLE WILSON, also known as "Val," "Skip," "Flip" and

"Wes," together with others, for the purpose of maintaining and increasing position in the

Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #12 with a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT TWENTY-SIX
(Discharging a Firearm During Crimes of Violence:
Attempted Murder and Assault of John Doe #12 in Aid of Racketeering)

103.   On or about November 21, 2020, within the Eastern District of New York and elsewhere, the defendant LAVALLE WILSON, also known as "Val," "Skip," "Flip" and "Wes," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Count Twenty-Four and Count Twenty-Five, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT TWENTY-SEVEN
(Hobbs Act Robbery Conspiracy)

104.   On or about December 11, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from John Doe #13, an individual who distributed narcotics in Suffolk County,

35

New York, through the use of actual and threatened force, physical violence and fear of injury to such person.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

### COUNT TWENTY-EIGHT
(Hobbs Act Robbery)

105.    On or about December 11, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from John Doe #13, an individual who distributed narcotics in Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

### COUNT TWENTY-NINE
(Brandishing a Firearm During a Crime of Violence)

106.    On or about December 11, 2020, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Twenty-Eight, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT THIRTY
(Hobbs Act Robbery Conspiracy)

107.    On or about March 23, 2021, within the Eastern District of New York and

elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others,

did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the

movement of articles and commodities in commerce, by robbery, to wit: the robbery of United

States currency from John Doe #14, a livery cab driver operating in Suffolk County, New York,

through the use of actual and threatened force, physical violence and fear of injury to such

person.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT THIRTY-ONE
(Hobbs Act Robbery)

108.    On or about March 23, 2021, within the Eastern District of New York and

elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others,

did knowingly and intentionally obstruct, delay and affect commerce, and the movement of

articles and commodities in commerce, by robbery, to wit: the robbery of United States currency

from John Doe #14, a livery cab driver operating in Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THIRTY-TWO
(Brandishing a Firearm During a Crime of Violence)

109.    On or about March 23, 2021, within the Eastern District of New York and

elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others,

did knowingly and intentionally use and carry a firearm during and in relation to a crime of

37

violence, to wit: the crime charged in Count Thirty-One, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT THIRTY-THREE
(Attempted Murder of John Doe #15 in Aid of Racketeering)

110.    The allegations contained in paragraphs one through five and paragraphs 71 through 72 are realleged and incorporated as if fully set forth in this paragraph.

111.    On or about July 8, 2021, within the Eastern District of New York and elsewhere, the defendant SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #15, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT THIRTY-FOUR
(Discharging a Firearm During a Crime of Violence:
Attempted Murder of John Doe #15 in Aid of Racketeering )

112.    On or about July 8, 2021, within the Eastern District of New York and elsewhere, the defendant SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Thirty-Three, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

38

### COUNT THIRTY-FIVE
(Hobbs Act Robbery Conspiracy)

113.  In or about July, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a safe, passports and currency from Richard Castano, an individual who distributed narcotics in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of injury to such person.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

### COUNT THIRTY-SIX
(Hobbs Act Robbery)

114.  On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a safe, passports and currency from Richard Castano, an individual who distributed narcotics in Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

### COUNT THIRTY-SEVEN
(Discharging a Firearm During Crimes of Violence)

115.  On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others,

39

did knowingly and intentionally use and carry a firearm during and in relation to crimes of violence, to wit: the crime charged in Count Thirty-Six, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT THIRTY-EIGHT
(Firearm-Related Murder of Richard Castano)

116. On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, in the course of a violation of the crime charged in Count Thirty-Seven, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111, in that the defendant, together with others, with malice aforethought, did unlawfully kill Richard Castano.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

### COUNT THIRTY-NINE
(Witness Tampering Murder)

117. On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally kill Nyasia Knox, with the intent to prevent the communication of Nyasia Knox to a

law enforcement officer of information relating to the commission and possible commission of a Federal offense.

(Title 18, United States Code, Sections 1512(a)(1)(C), 1512(a)(3)(A), 2 and 3551 et seq.)

## COUNT FORTY
(Discharging a Firearm During Crimes of Violence)

118.   On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally use and carry a firearm during and in relation to crimes of violence, to wit: the crimes charged in Count Thirty-Six and Count Thirty-Nine, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT FORTY-ONE
(Firearm-Related Murder of Nyasia Knox)

119.   On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, in the course of a violation of the crime charged in Count Forty, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111, in that the defendant, together with others, with malice aforethought, did unlawfully kill Nyasia Knox.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

41

### COUNT FORTY-TWO
(Witness Tampering Murder)

120.   On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally kill Diamond Schick, with the intent to prevent the communication of Diamond Schick to a law enforcement officer of information relating to the commission and possible commission of a Federal offense.

(Title 18, United States Code, Sections 1512(a)(1)(C), 1512(a)(3)(A), 2 and 3551 et seq.)

### COUNT FORTY-THREE
(Discharging a Firearm During Crimes of Violence)

121.   On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally use and carry a firearm during and in relation to crimes of violence, to wit: the crimes charged in Count Thirty-Six and Forty-Two, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT FORTY-FOUR
(Firearm-Related Murder of Diamond Schick)

122.   On or about July 23, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, in the course of a violation of the crime charged in Count Forty-Three, did knowingly and

42

intentionally cause the death of a person through the use of a firearm, which killing was murder

as defined in Title 18, United States Code, Section 1111, in that the defendant, together with

others, with malice aforethought, did unlawfully kill Diamond Schick.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

### COUNT FORTY-FIVE
(Hobbs Act Robbery Conspiracy)

123.    On or about September 25, 2021, within the Eastern District of New York

and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with

others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the

movement of articles and commodities in commerce, by robbery, to wit: the robbery of

controlled substances and United States currency from John Doe #17, an individual who

distributed narcotics in Suffolk County, New York, through the use of actual and threatened

force, physical violence and fear of injury to such person.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

### COUNT FORTY-SIX
(Hobbs Act Robbery)

124.    On or about September 25, 2021, within the Eastern District of New York

and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with

others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement

of articles and commodities in commerce, by robbery, to wit: the robbery of property from Jane

Doe #2 and John Doe #17, an individual who distributed narcotics in Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

43

### COUNT FORTY-SEVEN
(Brandishing a Firearm During a Crime of Violence)

125.    On or about September 25, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Forty-Six, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

### COUNT FORTY-EIGHT
(Hobbs Act Robbery Conspiracy)

126.    On or about October 1, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of the robbery of United States currency and controlled substances from Jane Doe #3, an individual who distributed narcotics in Suffolk County, New York, through the use of actual and threatened force, physical violence and fear of injury to such person and to others present.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

### COUNT FORTY-NINE
(Attempted Hobbs Act Robbery)

127.    On or about October 1, 2021, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and

commodities in commerce, by robbery, to wit: the attempted robbery of the robbery of United States currency and controlled substances from Jane Doe #3, an individual who distributed narcotics in Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FIFTY
(Conspiracy to Murder and Assault Rival Gang Members with Dangerous Weapons in Aid of Racketeering)

128.    The allegations contained in paragraphs one through five and paragraphs 71 through 72 are realleged and incorporated as if fully set forth in this paragraph.

129.    In or about and between May 2020 and March 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, also known as "Wayno," SHEIM TEVIN RAMSEY-DAVIS, also known as "KG," KENDRICK SEYMORE, also known as "KR," and LAVALLE WILSON, also known as "Val," "Skip," "Flip" and "Wes," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder and assault with one or more dangerous weapons, to wit: firearms, members and associates of the Mac Ballers, in violation of New York Penal Law Sections 125.25(1), 105.15, 120.05(2) and 105.05.

(Title 18, United States Code, Sections 1959(a)(5), 1959(a)(6) and 3551 et seq.)

## COUNT FIFTY-ONE
(Firearms Trafficking)

130.    In or about and between March 2020 and March 2023, both dates bring approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DWAYNE MURRAY, also known as "Wayno," and SHEIM TEVIN RAMSEY-

45

DAVIS, also known as "KG," together with others, not being licensed importers, licensed manufacturers or licensed dealers of firearms, did knowingly and willfully engage in the business of dealing in firearms, and in the course of such business ship, transport and receive firearms in interstate commerce.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

## COUNT FIFTY-TWO
(Possession of Fentanyl with Intent to Distribute)

131.    On or about January 18, 2022, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIFTY-THREE
(Use of Firearms in Connection with a Drug Trafficking Crime)

132.    On or about January 18, 2022, within the Eastern District of New York and elsewhere, the defendant KENDRICK SEYMORE, also known as "KR," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime, to wit: the crime charged in Count Fifty, and did knowingly and intentionally possess said firearms in furtherance of such drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT FIFTY-FOUR

(Distribution and Possession with Intent to Distribute Fentanyl)

133.    On or about January 9, 2023, within the Eastern District of New York and elsewhere, the defendant LAVALLE WILSON, also known as "Val," "Skip," "Flip" and "Wes," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FIFTY-FIVE
(Distribution and Possession with Intent to Distribute Fentanyl)

134.    On or about January 16, 2023, within the Eastern District of New York and elsewhere, the defendant LAVALLE WILSON, also known as "Val," "Skip," "Flip" and "Wes," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FIFTY-SIX
(Distribution and Possession with Intent to Distribute Fentanyl)

135.    On or about February 1, 2023, within the Eastern District of New York and elsewhere, the defendant LAVALLE WILSON, also known as "Val," "Skip," "Flip" and "Wes," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing fentanyl, a Schedule II controlled substance.

47

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIFTY-SEVEN
(Distribution and Possession with Intent to Distribute Fentanyl)

136.    On or about February 8, 2023, within the Eastern District of New York and elsewhere, the defendant LAVALLE WILSON, also known as "Val," "Skip," "Flip" and "Wes," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

48

### NOTICE OF SPECIAL FINDINGS PURSUANT TO
### TITLE 18, UNITED STATES CODE, SECTIONS 3591 and 3592
(COUNTS THIRTY-EIGHT, THIRTY-NINE,
FORTY-ONE, FORTY-TWO AND FORTY-FOUR)

The Grand Jury Further Finds:

137.   The allegations of Counts Thirty-Eight, Thirty-Nine, Forty-One, Forty-Two and Forty-Four of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

138.   As to Counts Thirty-Eight, Thirty-Nine, Forty-One, Forty-Two and Forty-Four of this Superseding Indictment (unless otherwise specified), the defendant KENDRICK SEYMORE, also known as "KR,":

a.   was 18 years of age or older at the time of the offense. (Title 18, United States Code, Section 3591(a)).

b.   intentionally killed Richard Castano, Nyasia Knox and Diamond Schick. (Title 18, United States Code, Section 3591(a)(2)(A)).

c.   intentionally inflicted serious bodily injury that resulted in the deaths of Richard Castano, Nyasia Knox and Diamond Schick. (Title 18, United States Code, Section 3591(a)(2)(B)).

d.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Richard Castano, Nyasia Knox and Diamond Schick died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(C)).

e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Richard Castano, Nyasia Knox and Diamond Schick died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D)).

f.   in the commission of the offense, and in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victims of the offense. (Title 18, United States Code, Section 3592(c)(5)).

g. committed the offense as consideration for the receipt, and in the expectation of the receipt, of anything of pecuniary value. (Title 18, United States Code, Section 3592(c)(8)). (Count Thirty-Eight only).

h. intentionally killed and attempted to kill more than one person in a single criminal episode. (Title 18, United States Code, Section 3592(c)(16)).

A TRUE BILL

FOREPERSON

Joseph Nocella

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

50